# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

EMC INC., on behalf of Bala Dharama Vadlamudi,

       *Plaintiff*,

v.

UNITED STATES OF AMERICA, et al.,[1]

       *Defendants*.

§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:25-cv-301
Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion") (Dkt. #13). Having considered the Motion and the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This action concerns the United States Citizenship and Immigration Services' ("USCIS") consideration and denial of an I-129 Petition for a Nonimmigrant Worker (the "I-129 Petition") filed by EMC Consulting Group, Inc (the "Petitioner"), on behalf of Bala Dharama Vadlamudi (the "Beneficiary") (Dkt. #1; Dkt. #13-1 at p. 2). The Petitioner filed the I-129 Petition on June 30, 2020, seeking to classify the Beneficiary as an H-1B specialty occupation worker (Dkt. #13-1 at p. 2). On September 18, 2020, USCIS approved the I-129 Petition (Dkt. #13-1 at p. 2). After this approval, USCIS received additional information regarding the Beneficiary's eligibility, and on May 20, 2021, USCIS issued a Notice of Intent to Revoke the I-129 Petition (Dkt. #13-1 at p. 2).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin, Secretary of Homeland Security, is substituted for his predecessor, Kristi Noem; Todd Blanche, Acting Attorney General, is substituted for his predecessor, Pam Bondi.

On July 21, 2021, USCIS received the Petitioner's documentary information in response to the NOIR, and upon review, USCIS determined that it did not overcome the basis of the intended revocation of the I-129 Petition (Dkt. #13-1 at pp. 2–3). On December 10, 2021, USCIS revoked its approval of the I-129 Petition (Dkt. #13-1 at p. 3).

USCIS determined that the Notice of Intent to Revoke did not provide sufficient detail to adequately notify the Petitioner about the deficiencies in the record. So, on April 14, 2025, USCIS reopened and reinstated the "approved" status of the I-129 Petition while it considered whether additional adjudicative action was necessary (Dkt. #13-1 at p. 3). On May 22, 2025, USCIS issued a new Notice of Intent to Revoke to the Petitioner (Dkt. #13-1 at p. 3). USCIS provided the Petitioner with an opportunity to submit additional evidence by June 24, 2025, but did not receive a response (Dkt. #13-1 at pp. 3–4). On January 16, 2026, USCIS again revoked its approval of the I-129 Petition (Dkt. #13-1 at p. 4).

On April 6, 2023, Plaintiff EMC, Inc. ("EMC") filed suit, seeking judicial review of USCIS's original decision under the Administrative Procedure Act ("APA") (Dkt. #1 at ¶ 1). In its Complaint, Plaintiff requests a judgment setting aside the decision to deny the I-129 Petition, filed by the Petitioner on behalf of the Beneficiary, on the grounds that the decision was unlawful, arbitrary, and capricious (Dkt. #1 at ¶ 9). Plaintiff further requests that the Court enter an order (1) requiring USCIS to approve the I-129 Petition and (2) awarding Plaintiff its attorney's fees and costs for bringing this action (Dkt. #1 at p. 11).

On March 3, 2026, Defendants filed their Motion requesting the Court dismiss Plaintiff's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure (Dkt. #13). Plaintiff did not respond. The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendants urge the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction; namely, Defendants contend Plaintiff EMC Inc. lacks standing, and the challenged

USCIS decision was vacated and cannot be reviewed under the APA (Dkt. #13 at pp. 8–9). The Court begins with the former. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show an injury-in-fact that is fairly traceable to the challenged conduct, and the injury will likely be redressed by a favorable decision on the merits. *Id.* at 560–561. "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citation modified). Further, a petitioner is entitled to a right of review of a USCIS decision. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). However, a person suing under the APA must satisfy Article III's standing requirements. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012).

Here, Defendants argue Plaintiff, EMC Inc., is not the Petitioner that filed the I-129 Petition at issue; EMC Consulting Group, Inc. is the Petitioner (Dkt. #13 at pp. 8–9; Dkt. #13-1). Thus, Defendants ask the Court to find that Plaintiff lacks standing to seek judicial review of the Decision that does not affect it (Dkt. #13 at pp. 8–9). The Court agrees. Moreover, because Plaintiff has not responded to Defendants' Motion, it is presumably undisputed that Plaintiff and Petitioner are different entities.[2] So, to the extent Plaintiff is challenging the USCIS denial of the I-129 Petition, for which it was *not* the Petitioner, there is an absence of standing to do so because Plaintiff

---

[2] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV-7(d).

has not suffered a "legal wrong" or injury. *Id.*; *see also Kale v. INS*, 37 F. App'x 90, *2 (5th Cir. 2002) (per curiam) (unpublished) (a visa-petition beneficiary, as opposed to the petitioner, does not have standing to challenge the denial of the petition). For these reasons, the Court finds Plaintiff has not shown it experienced an injury-in-fact that is fairly traceable to the challenged USCIS decision, and thus, Plaintiff lacks standing.[3]

Accordingly, dismissal under Rule 12(b)(1) is warranted for lack of subject matter jurisdiction and Defendants' Motion should therefore be **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. #13) is hereby **GRANTED** and the case is hereby **DISMISSED**.

It is further **ORDERED** that the Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of June, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's lack of standing is dispositive, and thus, the Court need not consider Defendants' additional argument: whether reopening and reinstating the "approval" status of the I-129 Petition transformed the original USCIS decision, a revocation, into a non-final administrative decision, which is not subject to judicial review under the APA (Dkt. #13 at p. 2).

5